I'll call our next case, Norris v. the District Attorney of Philadelphia County. Good morning, Your Honors. My name is Arianna Freeman with the Federal Community Defender Office and I represent appellant Eric Norris. I would like to reserve three minutes for rebuttal. Could you lift the microphone a little bit so we can hear you better? Thank you. After the Certificate of Appealability issued in this case, this Court issued a Presidential Opinion in Cox v. Horn, which directed District Courts on how to address Rule 60b motions that invoke Martinez v. Ryan. Cox didn't foreclose this situation from being an extraordinary circumstance, isn't that correct? I think that is correct. I think what Cox teaches is that District Courts must really address all of the equitable circumstances. And really, I guess, if we're talking about this circumstance being whether the default occurred on PCRA appeal or in the lower PCRA court, I guess the answer to that is a determination of fact that we would ask the District Court to address in the first instance. But it's already been held that the default was at the second appearance, not at the initial appearance. I mean, that is law of the case, if you will. We can't disturb that. So isn't the hand that you're dealt the fact that this default, if it occurred at all, occurred on appeal to the Superior Court? Well, we have an argument that we can satisfy the requirements of Rule 60b and that Mr. Norris can prove his ineffective assistance of trial and PCRA counsel allegations, even if the default was on PCRA appeal. But I suggest that the law of the circuit teaches that whether the default, you know, did in fact occur in the lower PCRA court when PCRA counsel failed to give the courts the facts and the evidence that were key to the substance of this claim, that perhaps that is an issue that the District Court can consider if it reopens this case. I think the District Court opinion in denying the original habeas was that a default occurred in the PCRA appeal court because counsel failed to include this claim in his brief. But there was also an acknowledgment in the Rule 60b order that came out in the last couple of years that Mr. Norris consistently maintained in all of his pleadings that counsel had in fact been ineffective in the lower PCRA court as well, and that error was just compounded on appeal. So I think that may be something that's relevant to the court upon remand. So is it your contention that there was essentially a constructive procedural default by virtue of ineffective assistance of PCRA trial counsel? Doesn't Martinez only let us get to the question of excusing the procedural default? I think there was an actual procedural default, and my sense is that was both in the lower PCRA court and on appeal. What was procedurally defaulted in the initial PCRA hearing? The claim was not presented with both the legal theory and the supporting facts that are relevant. And the supporting fact that is key is this one piece of paper, the criminal complaint, that was issued on July 29th of 1998 that was never mentioned by anyone, not by Mr. Norris, per se, nor by counsel throughout the state court proceedings. In fact, it wasn't even discovered until Mr. Norris hired... You're saying that's a procedural default? That is the default, Your Honor. He was ineffective there. That's different than a procedural default. Ineffective is when you do a bad job. Procedural default is you don't do the job at all. Well, I believe the issue here is that the default was a lack of exhaustion. And the exhaustion standard in the habeas statute says that the claim must have been presented to the state courts with the legal theory and the supporting facts. And I think we see a lot in our habeas cases where there's a discussion about whether a claim has been exhausted, where new facts arise that say a PCRA counsel presents a claim and gives some facts, but doesn't give really the facts that would change the outcome of the proceeding. Every time there is a fact that wasn't really referenced or brought to the attention of the court, even though the issue, and here the issue of speedy trial was presented, that would give rise to procedural default, or procedural default, which would then give rise to ineffectiveness. I mean, that's really a hard position from the standpoint of habeas. There are a lot of facts that may not come to light, but issues are presented. And if the issue is put before the court and the theory is put before the court of speedy trial and it's been decided, I don't know that on a 60B6 you go back and say, oh, but there's a new fact. So we go back into habeas. Your Honor, an example I have is in our capital cases. We often see that there will be allegations that trial counsel was ineffective for failing to present mitigation evidence that would have changed the outcome of the penalty phase of the trial.  But not the evidence that actually would have changed the outcome of the proceeding. And that might be a different theory of why it should be mitigated, which might be then really a different issue. But here, if you have the issue of speedy trial, and yet there is a dispute as to when the applicable date of the complaint is, I mean, that's still part and parcel of a speedy trial issue that once put before court has been decided. And it's not defaulted. Well, perhaps that's so, Your Honor. And I think that the alternative argument, which the court perhaps sees as the primary argument, is that the default on PCRA appeal is still something that can be readdressed now after Martinez and after the whole string of cases that discusses the principal-agent relationship. But doesn't Martinez specifically have a limitation? It talks about initial appearance. And haven't the other courts said that that limitation is really there and it only applies to the initial review? How can we get around that? What's your theory? Martinez reserves the rule of Coleman. And Coleman, this case is distinguishable from Coleman. That's a problem for you. Don't you have to say that Martinez somehow overruled Coleman? Because if we apply Coleman, you're out of court. Martinez says Coleman held that an attorney's negligence in a post-conviction proceeding does not establish cause, and this remains true except as to initial review collateral proceedings. Right. So Coleman is still in force as to the appeal to the Superior Court, is it not? That would be true if here, as in Coleman, what happened in the lower court was a properly conducted initial review collateral proceeding. And Mr. Norris has consistently maintained that it was not. All right. That's why you're fighting so hard to get us to focus on the initial review because of Coleman. And I respect that. But we have to agree with your position then that there was a procedural default at the initial PCRA. That seems to be what the case turns on. Or at least consider as an equitable circumstance that what happened, that counsel did fail to discover the key piece of evidence to support this claim, fail to present that to the court, fail to correct the Commonwealth's misassertion of the criminal complaint date, and fail to ask for reconsideration when the court adopted that incorrect date. And that's everything that happened in the lower court. And then after that, counsel said that he made a strategic decision not to raise this claim on appeal. And all of that was based on either a misapprehension of the law or a misunderstanding of the facts, and that was due to his lack of preparation and investigation, which he was really required to do. Now, to what extent must we determine that the incorrect date that was used makes a difference? I think that the incorrect date makes a difference. I think the statute makes it very clear, and state case law makes clear, that when there's an arrest warrant issued before the arrest... The district attorney has gone through an analysis in his brief that shows that it didn't make a difference, even if you used the 1998 date. Well, we dispute them point by point, and mostly it has to do with the Commonwealth's lack of diligence in arresting Mr. Norris when he was available to be arrested for more than 365 days, both in the halfway house before he absconded for a period of 57 days, and then in a state prison where he remained and was arrested on other charges, but not on this charge, not on this assault charge, and also was brought to court several times for other charges, and was not arrested on this charge until more than 365 days had lapsed, even if you discount the days the Commonwealth wishes to discount. Ultimately, I think that the issues here are very complicated. The Commonwealth has raised issues about whether Martinez even applies here, because this was a case that went on direct appeal before Commonwealth v. Grant. That is something that I think the district court needs to address in the first instance. This court saw in Cox v. Horn another case that was a pre-Grant case, where the district court concluded and the circuit agreed that Martinez would still apply because of the circumstances of Mr. Cox's case and the fact that he didn't get new counsel until PCRA and so on. There are all sorts of specific facts that I think the district court needs to look at before this court can properly review its denial of the Rule 60B motion. Ultimately, the standard is abuse of discretion, and I think there are two ways in which the district court abused its discretion here. One is it made a clearly erroneous conclusion of law when it ruled that this motion was actually a successive habeas petition, and I don't think that's in dispute any longer. I think the government conceded that. Yes, and the second also is that the court didn't follow the longstanding law of the circuit, which requires it to consider any factor that's relevant to the equities, as Lasky teaches, and then Cox has taught more recently, and I think the appropriate disposition would be to remand for further consideration. All right, thank you. Thank you. Thank you. Good morning. May it please the Court, my name is Sue Affronti. I'm counsel for the Appalachian Commonwealth in this case. I think the easiest way to begin here is to focus on the difference between default and causing prejudice. I think we're conflating the two in our arguments here. This is a 60B case, so we do have to look at what happened in the first district court's opinion. In the first district court opinion, there's a clear conclusion that the claim was fairly presented to the PCRA court and therefore not defaulted at that level, but then was defaulted later when it went up to the Superior Court. And that's Judge Katz's ruling, correct? Yes, Judge Katz's ruling, correct. That's quite clear. There's nothing new about that argument. There's nothing new about the complaint date as compared to what happened in the original district court proceeding. The only thing new is Martinez. Martinez addresses the issue of cause. It does not address whether or not the claim was defaulted at the PCRA level or at the Superior Court level. So you're saying there's nothing in Martinez that changes the law of the case? Correct. And in the law of the case, that doesn't mean you win, though. I guess your argument is Coleman then requires victory. Correct. And what if we extended Martinez to the appellate? I think that's where the real question is here. I think you can't extend Martinez to the appellate level. Just because of Coleman? Because the Supreme Court was quite careful, and I think they said quite clearly that Coleman remains good law. These are the expressed facts. I mean, these are the facts of Coleman. And if that is true, then that's the end of it. And the district court said that, in their opinion. All right, but what do you say to counsel's argument that we can consider the equitable arguments relative to what happened at the first PCRA hearing? I actually think that when Cox and this court's 60B precedent talks about the equities, what they're talking about is 60B equities, focusing on what is new, what has changed. My opponent wants to open the door to everything that happened before. They want to go back in time to 1998. They want to go back to the PCRA proceedings. They want to open the door to everything. My opponent has even included new claims that would be clearly unexhausted. I don't think that's what this court's 60B precedent has ever talked about. 60B precedent disturbs finality. It should be a rather big deal. So you need to give the court something new. We're focused on that new. And the equities play in there. And Cox talks about that as well. It talks about the fact we're looking at the timing with the new case, the timing as relevant between the new case and the motion, the timing as relevant between the new case and the prior decision of the court, the diligence of the motion, the person bringing the motion, in arguing these claims earlier when they were available. I think when we talk about equities, the door isn't open wide to everything in the universe. The door is about what is new, and the equities are meant for that. And Trevino's new too, right? Doesn't Trevino help Mr. Norris? I think Trevino has just no application here at all. Why not? Because if this case was an instance where trial counsel was appellate counsel on appeal in Pennsylvania back before Grant, then we have a Trevino situation. We have a situation where technically they could have raised allegations of trial counsel's ineffectiveness on appeal, but they were not obligated to. It was not deemed waived under Commonwealth v. McBee, I think was the case. They said you could. You could raise your own ineffectiveness. But the likelihood you were going to do that was very small, and the procedures in place were difficult. That is a Trevino situation. That's not what happened here. What we have here is a pre-Grant case. We have new appointed counsel. We have a substantial hearing done months afterward. They had plenty of time to review any ineffectiveness claims, which is clear. A lot were brought, and it was an extensive hearing. There's nothing in the record that suggests they didn't have enough time. Norris argues it was virtually impossible, quoting their reply brief at 11, for Norris's post-verdict counsel to make claims of ineffective assistance. Yes, they argue that. And why is that wrong? That is wrong because it was absolutely possible. We know it was possible because they did. I would ask my opponent to indicate what else could have been available. They had as much time as they needed. They raised more than 10 claims. They had all the witnesses they needed. They could have brought in more witnesses. This is not a Trevino situation. And I would point out, too, that under Pennsylvania law, at the time of the hearing, yes, by the time the Superior Court decided the case, Grant had come out and the law had changed. But at the time of the hearing, not only could they have raised the claims, they were obligated to raise the claims. Any claim not raised under the law at that time was waived, and it would have been foregone. So as a result, it's certainly not Trevino. It's the very opposite of Trevino. Do you have any other questions for me? I don't think we do. Okay. Well, then I will rest on my brief. Thank you very much. Ms. Freeman, you reserve rebuttal time. Yes. I just have two points to make in reply to what my opponent argued. First is that the district court opinion that denied these habeas proceedings initially did not explicitly rule that the claim was fairly presented in the lower PCRI court. It did not make any such ruling. At best, the court may have assumed that, but there certainly was no finding that the claim was fairly presented. But doesn't there have to be a connection between the, you know, the whole issue with fairly presented then is whether there is a procedural default, a ruling that the claim is procedurally defaulted because it was not fairly presented. There does need to be a connection of sorts, but I think that for this court to examine it would. Or doesn't that come up in the context of us determining that a claim was not fairly presented. So we cannot consider it now. I think that I cannot imagine that if the court were to go back in time and explain and address the exact point of whether this claim was fairly presented to the initial PCRI court, that it would say that it was. Because, again, the material facts were omitted from that litigation. And, you know, there was no specific finding of a default in the lower court. But I think that were the court to examine what actually happened there, it would note that there was, in fact, a default under the law of exhaustion, which I think is, again, the exhaustion is the default. And because Mr. Norris can demonstrate the ineffective assistance of PCRI counsel in causing that default, that is the cause of prejudice. The second point that I wanted to make is that Commonwealth v. Grant was decided while this case was pending on direct appeal. And the Pennsylvania courts did not preclude Mr. Norris from presenting additional and effective assistance of trial counsel claims during PCRI. And I think that was an acknowledgment that Grant had been decided and that Mr. Norris wasn't going to be held to the standard that applied pre-Grant. There was nothing precluding additional claims. There was no assertion of waiver or certainly no finding of waiver when PCRI counsel presented new and effective assistance of counsel claims. So that shows that the state courts acknowledged that it was appropriate to raise ineffective assistance of trial counsel claims in the PCRI court. Again, that leads to why PCRI counsel could have presented these claims and his failure to do so is cause and prejudice to excuse the default. Thank you very much. Case is well argued. We'll take it under advisement. Ask the clerk to recess court.